(Decided February 18th, 1862.)

---

# JACOB SELLERS *vs.* HENRY and ADAM ZIMMERMAN.

The refusal to permit a party to offer evidence after the case was closed and argued before the jury, (such a refusal being justified by a rule of court,) is no ground for reversal.

On issue joined on the plea of *non cul.*, in an action for an assault and battery, proof of the commission of the trespass on the day laid in the declaration, is not material: evidence of its commission at any time before suit brought, is sufficient.

APPEAL from the Circuit court for Carroll County.

Action brought July 28th, 1857, by the appellant against the appellees and two others, for an assault and battery, alleged in the *nar.* to have been committed July 27th, 1857.   The defendants severed in their pleas, each pleading *non cul*, and the defendant, Henry Zimmerman, also pleaded *son assault*. The plaintiff joined issue on the several pleas of *non cul*, and replied *de injuria* to the plea of *son assault*, but no issue appears to have been joined on this replication.   At the trial a verdict of not guilty was rendered at the bar, as to all the defendants, except the appellees.

*1st Exception:* The plaintiff gave evidence of an assault and battery, committed upon him in July 1857, by the defendant, Henry Zimmerman, but failed to prove which of the other defendants, if any, participated therein.   The defendant, Henry, then offered evidence tending to controvert the plaintiff's proof, and to show that the plaintiff first assaulted him. The testimony was then closed, and the case argued before the jury on both sides, and after these arguments were closed, the *defendants* asked the court to instruct the jury, that the plaintiff, *upon the pleadings and evidence*, is not entitled to recover, for that he has not proved any particular day in July 1857, upon which the alleged assault and battery was committed by the *defendants* upon the plaintiff, and for that the day alleged in the declaration, upon which the assault was committed, is not proved.   Whereupon, before this prayer was acted on, and as soon as it was made, the plaintiff's counsel stated to the court that they were prepared, at the commencement of the trial, to prove by a witness who had proved the assault and battery, that the same took place on the day stated in the declaration, and they had omitted to do so from inadvertance merely, and that their attention had not been called thereto by any question or remark of the counsel for the defendant, at any stage of the case during the examination of testimony on both sides; that the witness referred to was now in court, and they can prove by him that the assault and battery took place

on the day stated in the declaration, and they now ask leave to offer this testimony; that the question raised by the prayer operated as a surprise upon the plaintiff and his counsel, being made after the testimony and arguments on both sides had been closed, and no allusion thereto having been made during the progress of the testimony. The court (NELSON, J.) refused to allow this testimony to be offered, and stated as the ground of its refusal this rule of court: "Whenever a plaintiff or defendant have closed their case, and upon the testimony given, a prayer shall be offered to the court upon such testimony, neither party shall offer any additional evidence on the subject to which the prayer refers." To this ruling the plaintiff excepted.

*2nd Exception:* The defendant's prayer mentioned in the preceding exception, was then taken up, argued, and granted by the court, and to the granting thereof the plaintiff excepted, and the verdict and judgment being against him, appealed.

The cause was argued before BOWIE, C. J., BARTOL, GOLDSBOROUGH and COCHRAN, J.

*Oliver Miller,* for the appellant.

1st. The rule of court properly construed required the prayer to be offered before the argument to the jury was commenced, and the defendants themselves being the first to violate it, can not claim its protection for the manifest purpose of defeating the ends of justice by a surprise, and taking advantage of the mere inadvertence of counsel in a case where no delay or additional costs, or inconveniences would result to them from the admission of the proffered evidence. 9 *Gill,* 493, *Kent vs. McEldery.* 7 *Cranch,* 217, *Sheehy vs. Mandeville.*

2nd. But the prayer itself was erroneous in this, that it directed the jury that *upon the pleadings* and evidence, the plaintiff was not entitled to recover against *either of the defendants,* whereas, so far as the defendant Henry was concerned, no proof of the day on which the alleged assault was committed was necessary, for by his plea of *son assault,* he admit-

33      v.18

ted the commission thereof on *the day alleged in the nar.*
1 *Stephens N. P.*, 222. 1 *H. & J.*, 483, *Gibson vs.
Fleming.* But however this may be, it was not neces-
sary under the plea of *non cul.*, to prove, as the prayer
requires, that the assault was committed on the precise day
alleged in the *nar.;* the plaintiff might prove it to have
been committed at any time before the commencement of the
action. 1 *Saund.*, 24, *note* 1. 1 *Chitty's Pl.*, 257. 1 *Ste-
phen's N. P.*, 211. Indeed, no time need have been laid in
the *nar.*, for under the Act of 1856, ch. 112, sec. 111, where
time is not material it need not be mentioned.

 *Jos. M. Palmer*, for the appellees.

 1st. The proper office of rules of court is, to establish a fix-
ed and settled practice to which the court is required to con-
form. The rule of court in this case was the law of the court
by which it was bound, with which it could not dispense at
its pleasure, and if the evidence offered had been admitted, it
would have been error for which the judgment would be
reversed by this court. 2 *H. & G.*, 79, *Wall vs. Wall.* 11
*G. & J.*, 92, *Dunbar vs. Conway.* 2 *Gill*, 346, *Gist, et al.,
vs. Drakely.* 3 *Md. Ch. Dec.*, 325, *Abercrombie vs. Riddle.*

 2nd. The prayer was correct. In an action for an assault
and battery, the day alleged in the *nar.* is material when the
defendant pleads *son assault*, and is, therefore, material here
by the pleadings of Henry Zimmerman, the only defendant
against whom a scintilla of evidence was given. The day of
the assault, as alleged in the *nar.*, should therefore have been
proved to entitle the plaintiff to recover. 1 *H. & J.*, 483,
*Gibson vs. Fleming.* See, also, 3 *H. & McH.*, 593, *Miller
vs. McKee.* 1 *Esp.*, 38, *Randle vs. Webb.* 2 *Saund. Rep.*,
5, *(a) note* 3. 1 *Chitty's Pl.*, 231, 345, 518. *Gould's Pl.*,
315. *Stephens Pl.*, 235.

 Cochran, J., delivered the opinion of this court.

 The refusal of the court below to permit the appellant to

Sellers *vs.* Zimmerman.

offer evidence after the case was closed and argued before the jury, affords no reason for a reversal of this judgment, as that refusal was fully justified by the rule of the court, presented in the bill of exceptions. We think, however, that the prayer, asking an instruction on the pleadings and evidence, ought not to have been granted. As it was designed to obtain a common and like advantage for the appellees, they will not, in view of its purpose, be considered as standing on different defences in the pleadings, nor as wrong-doers in different degrees, upon the evidence. The instruction was asked upon the assumption in the prayer, that there was no evidence that the assault alleged was committed on the day laid in the declaration, and, upon that assumption, they must be considered as having committed themselves, on like issues, and evidence to the law involved in the prayer.

In looking to the proceedings, we find that the appellees have taken like defences upon their pleas of not guilty, upon which issues were joined, and we think that the prayer, as it refers to the pleadings, should be considered as involving these issues only, especially as no formal issue was joined on the appellants replication, *de injuria*, to the plea of *son assault demesne*, pleaded by Henry Zimmerman. It is well settled, that in an issue joined on a plea of not guilty in an action like this, proof of the commission of a trespass on the day laid in the declaration, is not material, and that evidence of its commission on any day before suit brought, is sufficient. As the granting of the prayer was erroneous for this reason, we must reverse the judgment.

*Judgment reversed, and*
*procedendo awarded.*

(Decided February 26th, 1862.)